IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01453

RANDY ROHRER, Personal Representative (Pending) of the Estate of Kristie Lynn
Hawkes, Deceased, and
CASEY ROHRER, by and through her father and next friend, RANDY ROHRER,

     Plaintiffs

v.

COUNTY OF ADAMS, A Colorado Political Subdivision;
BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF ADAMS,
COLORADO,
DOUGLAS N. DARR, individually and in his capacity as Sheriff of the County of
Adams, Colorado, and
DOES 1-5, in their individual and official capacities,

     Defendants.

---

**ORDER**

---

I.     <u>INTRODUCTION</u>

     THIS MATTER is before the Court on the Motion to Dismiss of Defendants

Adams County, Adams County Board of County Commissioners, and Douglas N. Darr

("the Adams County Defendants") filed on June 21, 2010.  The Adams County

Defendants seek to dismiss Plaintiffs' state claims for negligent operation of the Adams

County Detention Center and for dangerous condition of a jail under Colo. Rev. Stat.

§ 24-10-106(1)(c).  The Motion to Dismiss seeks to dismiss these claims pursuant to

Fed. R. Civ. P. 12(b)(1).  It does not seek to dismiss Plaintiffs' federal claims filed

pursuant to 42 U.S.C. § 1983.

The Adams County Defendants argue in their motion that Plaintiffs failed to meet the statutory notice requirements under the Colorado Governmental Immunity Act (the "CGIA"), which would forever bar Plaintiffs' state claims.  *See* Colo. Rev. Stat. § 24-10-101, *et. seq.*  Plaintiffs filed a response in opposition to the Adams County Defendants' motion on July 9, 2010, asserting their compliance with the statutory notice requirements.  A reply was filed on July 23, 2010.

II.      FACTUAL BACKGROUND

Plaintiffs' state and federal claims arise from the alleged failure by the Adams County Detention Facility to protect and provide health care for Kristie Lynn Hawkes, who Plaintiffs allege was mentally ill and suicidal.  (Pls.' Am. Compl. ¶¶ 9, 10.) Ms. Hawkes was arrested on May 10, 2009, and booked at the Adams County Detention Facility.  (*Id.*, ¶ 7.)  While incarcerated, on May 18, 2009, Ms. Hawkes committed suicide.  (*Id.* ¶ 13.)  The Adams County Coroner pronounced Ms. Hawkes dead from "complications of asphyxia due to hanging" on May 21, 2009.  (*Id.*, ¶ 18; Pls.' Resp. to Mot. Dismiss Ex. 2 at 1.)  The Plaintiffs in this case are Ms. Hawkes' husband, Randy Rohrer, who is the alleged personal representative of the estate of Ms. Hawkes, and Ms. Hawkes' daughter, Casey Rohrer, by and through her father, Mr. Rohrer.

Plaintiffs allege that the Adams County Defendants breached their duty to protect Ms. Hawkes from her severe mental illness while in their custody.  (Pls.' Am. Compl. ¶ 11.)  Plaintiffs acknowledge that their state claims are subject to the CGIA.  (Pls.' Resp. to Mot. Dismiss ¶ 1.)  However, they assert that the state claims fall within two

waivers of governmental immunity.  (Pls.' Am. Compl. ¶¶ 15, 20.)  The Adams County

Defendants argue that, even if the state claims fall within one of these waivers, Plaintiffs

failed to meet the notice requirements of the CGIA, which bars Plaintiffs' state claims.

Under the CGIA, in order to sue a public entity a plaintiff must provide a written

notice of claim to the entity within 180 days of the injury.  Colo. Rev. Stat. § 24-10-

109(1).  For purposes of this motion, the parties agree that the injury was the death of

Ms. Hawkes on May 21, 2009, and that the statutory 180-day deadline was November

17, 2009.  (Defs.' Reply Mot. Dismiss ¶ 3; Pls.' Resp. to Mot. Dismiss ¶ 6.)  Plaintiffs

filed their notice of claim electronically at 10:15 p.m. on November 17, 2009, via the

"Contact Us" page of the Adams County's website.  (*See* Pls.' Resp. to Mot. Dismiss Ex.

1 at 3-4.)  On November 18, 2009, Plaintiffs personally served the Adams County

Attorney.  (*Id.* at 1.)

The Adams County Defendants move to dismiss the state claims on two

grounds.  First, they argue that Plaintiffs' notice via the Adams County's website was

improperly filed according to the CGIA.  *See* Colo. Rev. Stat. § 24-10-109(3).  Second,

they contend that Plaintiffs' notice of claim was untimely because it was filed after the

180-day deadline dictated in § 24-10-109(1).  For the reasons stated below, I deny the

Adams County Defendants' Motion to Dismiss.

III.    ANALYSIS

A.    Standard of Review

A motion to dismiss under Rule 12(b)(1) can be either: (1) a facial attack on the

sufficiency of the allegations in the complaint as to subject matter jurisdiction; or (2) a

challenge to the actual facts upon which subject matter jurisdiction is based.  *Ruiz v.*

*McDonnell*, 299 F.3d 1173, 1180 (10th. Cir. 2002).  Here, the Adams County

Defendants do not challenge the sufficiency of Plaintiffs' allegations, but rather the facts

upon which subject matter jurisdiction depends.  When a party asserts a factual attack,

the court may consider matters outside the pleadings.  *Holt v. United States,* 46 F.3d

1000, 1003 (10th Cir. 1995).  The court's consideration of other materials does not

convert the motion to dismiss to a motion for summary judgment.  *Id.*

As to the required notice under the CGIA, Plaintiffs bear the burden of

"demonstrating that notice was properly filed so that the suit may proceed."  *Finnie v.*

*Jefferson County Sch. Dist.*, 79 P.3d 1253, 1261 (Colo. 2003).  Although Plaintiffs bear

the burden on this issue, the burden is "relatively lenient."  *Id.*  Furthermore,

governmental immunity statutes are narrowly construed and the plaintiff is "afforded the

reasonable inferences of [their] evidence in proving compliance with section 24-10-

109(3)."  *Id.* (internal quotations omitted).

B.    The Merits of the Motion to Dismiss

1.    Whether Plaintiffs' Notice was Improperly Filed

I first address the argument that Plaintiffs' notice of claim sent via Adams

County's website on November 17, 2009 was improperly filed.  The Adams County

Defendants assert that since the statute does not contemplate notice via website,

timeliness of the notice cannot be established.  In addition, it is argued that the notice

was not properly filed with the Board of County Commissioners or the County Attorney.

Plaintiffs assert in response that notice via Adams County's website substantially

complied with the requirements of the CGIA.  Plaintiffs also insist the Court must

consider equitable principles and any prejudice to the public entity when determining

compliance with the notice provisions of section 24-10-109(3).  I agree with Plaintiffs.

The statute provides that a plaintiff's "notice shall be filed with the governing body

of the public entity or the attorney representing the public entity . . . [and] [s]uch notice

shall be effective upon mailing by registered or certified mail, return receipt requested,

or upon personal service."  Colo. Rev. Stat. § 24-10-109(3).  "A [ ][plaintiff] satisfies

section 24-10-109(3) if he or she substantially complies with the statute by making a

good faith effort to satisfy the notice requirements."  *Villalpando v. Denver Health and*

*Hosp. Authority*, 181 P.3d 357, 362 (Colo. Ct. App. 2007) (quoting *Finnie*, 79 P.3d at

1257).  If a plaintiff makes any error or omission in the notice, the plaintiff can still satisfy

the requirements of subsection (3) if the error or omission "does not prejudice the public

entity by adversely affecting its ability to defend against the claim."  *Id.*

Thus, I must utilize a substantial compliance standard to determine if Plaintiffs

complied with section 24-10-109(3), and must consider whether the intent and purpose

of the statute are satisfied.  *Finnie,* 79 P.3d at 1258.  The *Finnie* court held that cases

must be evaluated on a "case-by-case basis, considering principles of agency and

equity, [and] the purposes of the statute."  *Id.* at 1262.

I find that notice via Adams County's website substantially complied with the

CGIA.  The Colorado Supreme Court has made clear that a notice of claim does not

have to be served through registered mail or personal service as stated in the statute.

*Woodsmall v. Regional Transportation District*, 800 P.2d 63, 69 (Colo. 1990).  Instead, a

claimant may use other methods of service in connection with its claim.  *Id.*  As the

*Woodsmall* court explained:

> Subsection (3) of section 24-10-109 does not state that service by registered mail or personal service is mandatory but only that the notice of claim "shall be effective upon mailing by registered mail or upon personal service." Subsection (3) is intended as a method of conclusively establishing that the effective date of service, for purposes of the 180-day requirement, is the date of the registered mailing. *Blue v. Boss,* 781 P.2d 128 (Colo. App.1989). Although resort to service by regular mail does not carry with it the presumption that service has been effected on the date of mailing, nothing in subsection (3) prohibits a claimant from utilizing this method or other methods of service in filing a claim with the public entity.

*Id.*

The rule articulated in *Woodsmall* is demonstrated by the Colorado Court of Appeals' holding in *Regional Transportation District v. Lopez*, 916 P.2d 1187, 1189 (Colo. 1996). In that case, the plaintiff sent notice via first-class mail. The court held that although the statute did not articulate the use of first-class mail, "nothing in the statute preclude[d] service by regular mail." *Id.* at 1190. In fact, the court reasoned that the statute does not require that a plaintiff use only registered mail, certified mail, or personal service. *Id.*

Applying the above analysis to this case, nothing in the statute precludes service by electronic correspondence via a website. While service via this method does not conclusively establish the effective date of service for purposes of the 180 day rule, I find that service via the website by electronic correspondence was not prohibited.

The Adams County Defendants also argue that Plaintiffs' notice via Adams County's website was not filed with "the governing body of the public entity," as required by the CGIA. Colo. Rev. Stat. § 24-10-109(3). Again I disagree and find substantial compliance with this requirement. The website at issue is the overarching website of Adams County and maintains links and communication with the Board of

Commissioners and the County Attorney, which are listed under the website's County Government.  *See* Adams County, *2010 Annual Budget: General Information*, http://www.co.adams.co.us/documents/page/finance/2010_budget_book/general_information.pdf; *see also* Adams County Colorado **http://www.co.adams.co.us/** (follow "County Government" hyperlink).

The real issue that must be examined to determine whether service via the website was effective is "whether and to what extent any omission or error in the notice adversely affected [the Adams County Defendants] in [their] defense of the claim." *Woodsmall*, 800 P.2d at 69.  Notice is required in order to "avoid prejudice to the governmental entity, encourage settlement, and provide public entities the opportunity to investigate claims, remedy conditions, and prepare defense of claims." *Finnie*, 79 P.3d at 1258.  I may also consider principles of equity because governmental immunity can sometimes be an "inequitable doctrine." *Id.*  Thus, the CGIA should not become a "trap for the unwary," and "permit public entities to manipulate the notice provision to dodge otherwise proper suits." *Id.*  The spirit of the law is to "help the governmental entity manage claims." *Id.*

In the case at hand, I find that Plaintiffs' notice via Adams County's website satisfies the intent and purpose of the statute.  The Adams County Defendants have not presented any evidence or arguments that it was prejudiced by Plaintiffs' service via Adams County's website or that it impacted their ability to defend the case.  In addition, the Adams County Defendants do not contest that they received Plaintiffs' notice from the website.  Furthermore, they do not indicate that they were unable to settle the claim, or that they did not have an opportunity to investigate, remedy, and/or prepare

defenses.  Accordingly, I find that Plaintiffs' notice via the Adams County website

substantially complies with the spirit of the law.  I also find that it would be inequitable to

allow a technicality or error that did not prejudice the Defendants to forever bar

Plaintiffs' claims.  *Id.*  Thus, I find that notice via Adams County's website substantially

complies with the CGIA.

2.     <u>Whether Plaintiffs' Notice Was Timely</u>

The Adams County Defendants claim that even if notice via Adams County's

website is proper, Plaintiffs cannot establish the timeliness of the notice for purposes of

§ 24-10-109(1) of the CGIA.  They assert that notice via the website was effective on

the date the Adams County Defendants opened the notice, not the date the notice was

submitted by Plaintiffs via e-mail.  Since they contend they did not receive the notice

until November 18, 2009, the notice was untimely since it is outside the 180-day time

period.  On the other hand, if the effective date of notice was the date of submission of

Plaintiffs' e-email to the website, then it is undisputed that the notice was within the 180

day time period and was timely.

In determining this issue, I first note that the 180 day time requirement set forth in

that statute "is a jurisdictional prerequisite to suit that requires strict compliance with its

terms."  *Finnie*, 79 P.3d at 1256.  Second, as discussed in the previous section,

Colorado courts hold that while § 24-10-109(3) conclusively establishes the effective

date of service for "mailing by registered or certified mail, return receipt requested, or

upon personal service", it is silent as to the effective date of service for other methods.

The Adams County Defendants contend that the *Lopez* case establishes that the date

of service for methods of service other than those enumerated in the statute is the date

of receipt of the notice, which means that the notice was untimely.  I do not read *Lopez*

so broadly.

The *Lopez* court's analysis was limited to regular mail, finding that it does not

carry with it the presumption that service has been effected on the date of mailing.

*Lopez*, 916 P.2d at 1190.  The court stated that "[a]lthough nothing in the statute

precludes service by regular mail, the plain terms of the statute do not provide that

posting a notice by regular mail is a valid method of establishing the effective date of

service." *Id.*  It also noted that regular mail is not encompassed within the definition of

registered mail.  *Id.*  It found that "if the General Assembly intended to include regular

mail as a means of fixing the effective date of service under the CGIA, it would have

specified regular mail in addition to registered mail in section 24-10-109(3) since the two

are by definition distinct mailing methods." *Id.*

Here, as in *Lopez*, the General Assembly did not include e-mail service via a

website as a means of fixing the effective date of service under the CGIA.  However,

this does not resolve the question of when the effective date of service is for this

method.  In *Lopez*, the public entity received the notice via regular mail seven (7) days

late, and the court found that "the date of receipt governs whether notice sent by regular

mail is timely." *Lopez*, 916 P.2d at 1191.  Its holding was based on the fact that "the

date of mailing by regular mail has no legal significance." *Id.* at 1191.  In other words,

there is no legal ramification to the date that someone drops a letter in a mailbox.  This

makes sense, as one who mails a letter does not and cannot presume that anyone will

receive that letter the same day.  The length of time the letter will be in the mail may

vary.  To ensure consistency in the rule, I agree that the effective date of service should be the receipt of the notice.

Electronic correspondence has practical and technological differences from regular mail.  Unlike the date of sending regular mail, the date of the transmission of the electronic correspondence has legal significance.  Colorado rules allow for both e-service and e-filing, and the rules specify that "a document transmitted . . . for service by 11:59 pm Colorado time shall be deemed to have been served on that date."  Colo. R. Civ. P. 121 Section 1-26 § 6.  In addition, Fed. R. Civ. P. 5(b)(2)(E) states that when using electronic means "service is complete upon transmission [unless] the serving party learns that it did not reach the person."  Thus, when dealing with service via electronic means, service is complete once the "sender does the last act that must be performed by the sender" (i.e., hitting the send button).  Fed. R. Civ. P. 5 Advisory Committee's Note (2001).  In other words, legally electronic mail is generally effective upon transmission, and transmission is equivalent to receipt.

Based on the foregoing, I find that Plaintiffs' notice sent via e-mail to Adams County's website was effective upon transmission on November 17, 2009 at 10:15 pm, regardless of whether or not the Adams County Defendants opened the e-mail on that date.  Accordingly, I reject the argument that Plaintiffs' written notice was untimely under the CGIA and find that their motion to dismiss must be denied.

IV.   CONCLUSION

In conclusion, it is

**ORDERED** that the Adams County Defendants' Motion to Dismiss Plaintiffs' State Claims is **DENIED**.

Dated:  March 1, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge